UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS LONGI, et al.,

                              Plaintiff(s),                   **ORDER**
                                                                                    CV 02-5821 (SJF) (WDW)

       -against-

THE COUNTY OF SUFFOLK, et al.,

                              Defendant(s).
------------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court is a letter from plaintiffs Thomas and Dianne Longi dated November 7, 2006. Docket Entry ("DE") [307]. Plaintiffs request that the undersigned recuse himself from this matter pursuant to 28 U.S.C. §§ 455 and 144. Plaintiffs' request is DENIED for the reasons indicated *infra*. Plaintiffs also demand copies of the undersigned's "recusal lists" and any "written certifications" signed by the undersigned pursuant to Rule 63 of the Federal Rules of Civil Procedure. These requests are unsupported by law and are also DENIED.[1]

28 U.S.C. § 455 (a) provides in part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The opinions of judges formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Here, the Court has not formed any opinion as to the merits of plaintiffs' claim and

---

[1] Rule 63 does not concern pretrial case reassignments, but rather specifically addresses the situation where, after commencement of a trial or hearing, a judge is "unable to proceed" and a new judge is substituted into the proceeding. Fed. R. Civ. P. 63.

plaintiffs have presented no meritorious basis for their request.  The only ground that they suggest is the alleged incompetence of the Court.  Referencing a prior ruling of the undersigned, plaintiffs' letter states that "it should have been clear, at least to an experienced and competent federal judge, what we were alleging, and what relief we were seeking."  In other words, it is the plaintiffs' position that because the Court ruled against them, the undersigned is incompetent and should recuse himself on that basis.  That allegation is both disrespectful and does not support the relief sought by plaintiffs.

Plaintiffs also state that their recusal request is based on 28 U.S.C. § 144.  That section, which requires a party to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," requires a good faith certification from counsel and as such, may not be available to pro se litigants.  *See, e.g., Rothstein v. Fung,* No. 03-CIV.674, 2003 WL 22829111, *2 (S.D.N.Y., Nov. 26, 2003).  The substantive inquiry required by § 144, however, is the same as that required by § 455.  *Id.*  Since plaintiffs have not presented a basis for recusal under § 455, their motion for relief under § 144 must also fail.  Accordingly, the motion to recuse is DENIED.

Finally, the Court notes that it will not tolerate the disrespect shown in plaintiffs' motion, and directs plaintiffs to conduct themselves with appropriate demeanor, both in writing and in personal appearances before the court.  Litigants are entitled to form their own opinions of judges and the court system, but they are not entitled to insult judges, other parties, and the judicial system in general.  While plaintiffs are certainly free to seek "Articles of Impeachment," to "file a claim of negligence," or to lodge formal complaints with the "Chief District and Magistrate Judges," the "Senate Judiciary and Ethics Committees," or anyone else they think appropriate,

they are not free to make groundless accusations, exhibit disrespect, or behave in an insulting or threatening manner toward the Court. Thus, plaintiffs are directed to limit their correspondence with the Court and the defendants to commentary and/or argument set forth with the respect and decorum appropriate to judicial proceedings.

The pretrial conference in this case will take place as previously scheduled on **November 29, 2006 at 11:00 a.m.** in courtroom 820 of the Federal Courthouse in Central Islip.

Dated: Central Islip, New York
       November 22, 2006

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge